INDRA LINE, Limited, v. PALMETTO PHOSPHATE CO. et al.

(Circuit Court of Appeals, Fourth Circuit. December 12, 1916.)

No. 1464.

1. SHIPPING ⬳81(1)—ACTION FOR WRONGFUL DEATH—DEFENSES.

    That a ship was in charge of a compulsory pilot at the time of a collision for which she was in fault does not absolve her from liability for the death of persons caused by the collision under Code Va. 1904, § 2902.

    [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 344, 345, 347; Dec. Dig. ⬳81(1).]

2. SHIPPING ⬳209(1)—PROCEEDINGS FOR LIMITATION OF LIABILITY—COSTS—FEES OF COMMISSIONER.

    In a proceeding by a shipowner for limitation of liability, the petitioner is primarily liable for such compensation as may be awarded by the court to the commissioner appointed to ascertain the value of the vessel and her pending freight, and to report upon the claims against her, and where a rule of court requires an appellant to pay all costs before delivery to him of the record on appeal, the petitioner on an appeal by him may be required to pay as part of such costs the fees of the commissioner.

    [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 646, 648–651, 653, 654; Dec. Dig. ⬳209(1).]

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Judge.

Proceeding in admiralty by the Indra Line, Limited, owner of the steamship Indrakuala, against the Palmetto Phosphate Company and others, for limitation of liability. From a decree holding the ship in fault for a collision and allowing claims against her, petitioner appeals. Affirmed.

Edward R. Baird, Jr., of Norfolk, Va., and J. Parker Kirlin, of New York City (John M. Woolsey, William H. McGrann, and Kirlin, Woolsey & Hickox, all of New York City, on the brief), for appellant.

Edward E. Blodgett, of Boston, Mass., Floyd Hughes, of Norfolk, Va., and William F. Purdy, of New York City (Blodgett, Jones, Burn-

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ham & Bingham, of Boston, Mass., Barry, Wainwright, Thacher & Symmers, of New York City, Hughes & Vandeventer, of Norfolk, Va., and Macklin, Brown & Purdy, of New York City, on the brief), for appellees.

Before KNAPP and WOODS, Circuit Judges, and ROSE, District Judge.

ROSE, District Judge. Judge Waddill, in his opinion in the District Court (219 Fed. 600), has stated the facts fully. The owners of the Indrakuala here assail so much of his conclusions as holds that ship in fault. Their case has been presented with ability and force. Nevertheless a minute examination of the record leaves us unable to say that he was wrong.

[1] At the time of the collision the Indrakuala was in charge of a compulsory pilot. Her advocates now contend that under such circumstances her owners cannot, in this proceeding instituted by them to limit their liability to the value of their ship and its freight, be held answerable for the personal injuries and deaths resulting from the collision. Their argument is: There is no personal liability on the part of a shipowner for the torts of a pilot forced on him by law (Homer Ramsdell Co. v. Comp. Gen. Trans., 182 U. S. 406, 21 Sup. Ct. 831, 45 L. Ed. 1155), and that a proceeding to limit liability is in personam and not in rem (In re Morrison, Petitioner, 147 U. S. 34, 13 Sup. Ct. 246, 37 L. Ed. 60). True enough, but what of it? By filing his petition to limit his liability, a shipowner does not make himself personally responsible for claims for which he would not otherwise have been bound; but it is equally true that to the extent of her value the ship remains liable for all the maritime liens upon her. In the very case last cited the Supreme Court said that where, instead of surrendering his vessel, the shipowner stipulates for her value, as was done in the case now at this bar, the stipulation stands in the place of the ship. To the amount of the stipulation, the stipulators must pay all claims found to have constituted valid liens upon the ship. Subject to some well-defined limitations, when the individuals hurt are members of the ship's company, it has never been doubted that she is liable for personal injuries wrongfully inflicted by her.

The further contention is made on behalf of the appellant that in any event the claimants for the damage done to them by the drowning of those whose lives were lost as the result of the collision have no standing in this court. It is urged that the liability imposed by the Virginia statute (Code 1904, § 2902) upon a ship or a vessel for a wrongful death is limited to those cases in which the owner of the ship would have been personally liable, and it is said that in the case of a death resulting from the negligence of a compulsory pilot the shipowner would not be responsible. It seems to us that the language of the statute is the best answer to this contention. We have recently held that it imposed a lien in rem. The Anglo-Patagonian, 235 Fed. 92, —— C. C. A. ——. The statute itself declares that such a lien arises when the wrong done was such that, if death had not ensued, the party injured would have

been entitled to proceed in rem against the ship. If the persons who died as a result of the sinking of the Luckenbach had been rescued before life was extinct, they could have held either or both ships for whatever injuries they had suffered. As they perished, those damaged by their deaths have a like right.

[2] In accordance with the requirements of the statute, and upon the petition of the appellant, a commissioner was appointed to ascertain the value of its ship and her pending freight, and to report upon the claims against her. Apparently, at the instance of the appellant, the commissioner so appointed went to New York and took testimony there as well as at Norfolk. He subsequently made his report. For his services in ascertaining the value of the vessel he was allowed a fee of $1,000, and for reporting upon the claims $2,000, or $3,000 in all. No question is made as to the reasonableness of these allowances. We must assume that their amount is not open to attack, although to us they seem sufficiently liberal, and it is always desirable that the costs of litigation, so far as they are under the control of the court, shall be kept within the most moderate bounds. The matter complained of here is of another character. For many years a rule of the District Court for the Eastern District of Virginia has required that, before the clerk delivers a record upon appeal to an appellant, the latter shall pay all the costs. It is said that the commissioner's fees are not part of the costs. We think they are. But even so, appellant says that it should not have been required to pay these fees to the commissioner, but should have been allowed, as it asked permission to do, to deposit them in the registry of the court, there to remain until after this court had passed on its appeal. As we understand it, we are not dealing with the question as to whether a supersedeas bond or stipulation may not sometimes, on appeal, take the place of actual payment, even so far as concerns costs. The real issue here is whether, as between the commissioner and the petitioner, in a limited liability proceeding, the latter is primarily liable to him for such reasonable compensation as shall be allowed by the court. If it is, it will usually make little difference whether payment is made before the appeal is perfected or after the mandate of the appellate court comes down.

We have no doubt that there is such primary liability. The petitioner is the moving party. The statute requires the appointing of a commissioner. In its petition it asks that one be named. As between it and him it is bound to see that he is paid for the services he renders. If the amount of work he is required to do or the time consumed by him is increased by the presentation of claims which in the end turn out to have been unfounded, the court may and should decree that the allowance made to him for what he did in connection with such claims, having been paid by the petitioner, shall be repaid to it by the persons who made such claims. Where claims are obviously unfounded, or clearly have at the best nothing more than a very slender foundation, or when claimants whose contentions are more serious go into unnecessary detail in the presentation of their case, or in the cross-examination of petitioner's witnesses, it is always the duty of the court, upon proper application, to put the claimants under such terms as will afford rea-

sonable protection to the petitioner. In a disputed case it may be proper to require a claimant to give security for the payment of such costs as may be decreed against him, including therein his reasonable proportion of such fees as may be allowed the commissioner, provided that the pecuniary circumstances of the claimant are such that to impose such a requirement would not amount to denial of justice to him. The rule for which the appellant here contends would not in the long run be to the interests of the petitioners in such cases. In many instances it would amount to a notice to the commissioner that he would get no pay for his work, unless the petitioner was held liable for the claims presented.

Affirmed.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes